IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| **WALTER J. FRENCH COMPANY, MICHAEL J. TILSON, PATRICIA A. LARONDE, DAVID LARONDE, AND THE PATRICIA & DAVID LARONDE REVOCABLE TRUST (ESTABLISHED MARCH 2021),**<br><br>Plaintiff,<br><br>v.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY,**<br><br>Defendant. | Case No. _____<br><br>**PETITION AT LAW AND JURY DEMAND** |

**COME NOW** Plaintiffs Walter J. French Company, Michael J. Tilson, Patricia A. LaRonde, David LaRonde, and the Patricia & David LaRonde Revocable Trust (Established March 2021) (hereinafter, collectively, referred to sometimes as "Plaintiffs"), by and through their undersigned attorney, James C. Larew, Larew Law Office, and for their Petition at Law and Jury Demand, hereby state as follows:

### INTRODUCTION

1. This is an action by Plaintiffs against State Farm Fire and Casualty Company ("Defendant") pursuant to claims for insured losses suffered by real property located at 1937 Blairs Ferry Road NW, Cedar Rapids, Iowa, (sometimes "Property") caused by the Derecho storm that occurred on August 10, 2020.

1

## PARTIES

2. Plaintiff Walter J. French Company (hereafter, "Walter J. French Co.") was the named Insured at the time of loss. The listed address of the Insured Property ("Property") on the Businessowners Policy ("B.O.P."), Policy No. 95-CQ-5613-5, in effect at the time of loss, was 1937 Blairs Ferry Road NE, Cedar Rapids, Linn County, Iowa.

3. Plaintiffs Michael J. Tilson, Patricia A. LaRonde, David LaRonde, and the Patricia A. LaRonde & David LaRonde Revocable Trust (Established March 2021), as their interests may appear, have or may have had ownership or legal interests in the Property at times material hereto.

4. Defendant State Farm Fire and Casualty Company (sometimes "State Farm") is licensed in the State of Iowa; it issued the B.O.P. to Plaintiffs that is the subject of this lawsuit.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in the Iowa District Court pursuant to Iowa Code section 602.6101.

6. Venue is proper in Linn County pursuant to Iowa Code sections 616.2 (injuries to real property), 616.7 (place of contract), 616.10 (insurance companies), and 616.18 (personal injury or damage actions), because this case concerns Plaintiff's right to obtain monetary compensation for property damages and for wrongful conduct arising out of a contractual insurance relationship; the losses insured against occurred in Linn County, Iowa.

## MATERIAL FACTS

7. On August 10, 2020, a severe wind storm, meteorologically known as a "Derecho" wind storm, with wind speeds that exceeded 140 mph in many areas, struck a large swathe of

the State of Iowa.

8. The Derecho caused billions of dollars in damage to numerous properties and is one of the largest natural disasters to strike the State of Iowa.

9. Plaintiffs recognized that the Property had been damaged by the Derecho storm.

10. Due to the damages inflicted to its Property, Plaintiffs contacted the Property's Insurer, State Farm, and informed it of the damages sustained by the Derecho storm.

11. Defendant reviewed the claim made by Plaintiffs by sending an Adjuster from United Claim Service to the Property.

12. The initial Adjuster reviewed the Property, and recognized that damage had been inflicted. However, State Farm found an amount of damage to the Property that was significantly less than Plaintiffs believed was accurate, based on early estimates from a public adjuster.

13. Plaintiffs disputed the amount of this determination and was certain that there was additional damage to the building.

14. Plaintiffs, in the meantime, began contacting construction companies and contractors in an attempt to secure bids and estimates as to the repair costs for the damaged sections of the Property.

15. However, due to the sheer amount of damaged properties in the path of the Derecho storm, and the burden those damages imposed upon nearly every contractor in the area, in many instances, bids and estimates were difficult to obtain for many months.

16. Over the course of trying to resolve this matter, Plaintiffs retained a Public Adjuster, Brent Johnson, to assist with the claims process.

17. Brent Johnson and State Farm have attempted to resolve the dispute as to the amount of

damages for some time, but to no avail.

18. In addition, on June 22, 2022, Plaintiffs' Public Adjuster, Brent Johnson, wrote to State Farm explaining the issues regarding the difficulty the roofing contractors were having in obtaining specific materials to complete the repairs to the Property.

19. Now, almost two years after the reportedly most severe wind storm in the history of the State of Iowa, many homes and properties are still recovering from the massive devastation wrought upon the State.

20. Plaintiffs are among those that have tried, on numerous occasions, to remediate damages done to their Property in a timely manner, but which task is made impossible by the failure of Defendant to indemnify Plaintiffs properly, and the burden the extent of the Derecho imposed upon contractors.

21. The amounts in controversy in this case, to this day, are continually evolving, as the cost of materials continues to fluctuate, and the availability of materials and contractors, the same.

22. Defendant's failure to grant any extensions of time as requested by Plaintiffs in this matter, and to adjust properly its insured losses fully and promptly, has caused Plaintiffs to suffer direct and consequential damages.

## COUNT I

## BREACH OF CONTRACT

23. Plaintiffs re-plead paragraphs 1 through 22, as if fully set forth herein.

24. The Policy constituted a valid and legally-enforceable contract between Plaintiffs and Defendant.

25. Plaintiffs paid all Policy premiums and renewed the Policy to cover the date of the

Derecho.

26. Defendant breached the Policy by failing to adequately accommodate Plaintiffs throughout the repair and mitigation process.

27. Defendant rendered it impossible to repair the Property in a timely manner due to their breaches of the Policy, including failure to timely indemnify Plaintiffs.

28. Defendant breached the Policy with Plaintiffs by failing to make full indemnification of Actual Cash Value and Replacement Cost Value damages resulting from the covered Derecho storm event, including to all portions of the damaged Property.

29. As a direct and proximate result of this breach, Plaintiffs have suffered and will suffer direct and consequential damages, including, but not limited to, expert witness fees, public adjuster fees, court costs, and attorneys' fees.

**WHEREFORE** Plaintiffs pray that a judgment be entered by this Court in its favor against Defendant, for all amounts due and owing to it, as provided by law, including, but not limited to, contractually-obligated coverage payments, consequential damages and punitive damages arising from Defendant's improper denial and/or delay of the claim and its processes thereafter.

## COUNT II

## BAD FAITH

30. Plaintiffs re-plead paragraph 1 through 22, as if fully set forth herein.

31. The inherently unequal bargaining power between insurer and insured, regarding an insurance contract, which is a contract of adhesion, creates the necessary duty and obligation of the Insurer to act only in good faith, with respect to the manner in which it performs its duties under the contract of insurance.

32. Defendant has breached this duty by unreasonably delaying and denying payments owed,

and to properly adjust and pay the amounts owed to Plaintiffs over the course of almost two years.

33. Defendant has further breached this duty by failing to accommodate the hardships Plaintiffs have suffered as a result of limited access to contractors, materials, and other goods and services, to properly remediate the damages caused by the Derecho.

34. Defendant has breached this duty by failing to timely make all payments rightfully owed to Plaintiffs, which obligated payments amounts arose from the losses incurred on August 10, 2020.

35. There is no reasonable basis, either in fact or at law, for Defendant to have denied Plaintiffs' request for additional time to purchase materials and remediate the damages as a result of the Derecho storm.

36. There is no reasonable basis, either in fact or at law, for Defendant to have denied any portion of the claim made by Plaintiff for the losses covered by the Policy, as described herein, up to the Replacement Cost Value of the goods and services necessary to place the Property in a comparable pre-loss condition, but no more than the limits of the Policy described herein.

37. Defendant knew, or had reason to know, that its delays, denials, and refusals to pay in full the amount of damages resulting from the claimed event, which was made by Plaintiffs appropriately under the provisions of the Policy, and/or, to accommodate Plaintiffs' request for additional time to resolve this dispute and extend the lawsuit limitation deadline.

38. Defendant has failed to do so, and breached its duty of good faith by not accounting for all information provided to them in order to evaluate Plaintiffs' claims and/or to

accommodate Plaintiffs' request for additional time to complete repairs to the Property.

39. In the addition, Plaintiffs were denied any extension to complete the repairs, in direct contradiction to the Iowa Insurance Division Bulletin No. 21-04, "Derecho Damage Deadlines."

40. Defendant's breach of its duty of good faith was a proximate cause of damage to the Plaintiffs.

41. As a direct result of Defendant's breach of duty of good faith, Plaintiffs have been unable to complete properly the repairs required as a result of the Derecho storm, and have been required to a public adjustor and attorneys to seek what is rightfully, legally, and contractually owed to Plaintiffs under the Policy.

**WHEREFORE** Plaintiffs pray that a judgment be entered in their favor and against Defendant for all amounts due and owed to Plaintiffs, as provided by law, including, but not limited to, direct, consequential and punitive damages.

### JURY DEMAND

**COME NOW** Plaintiffs and hereby demand a trial by jury of their peers of all matters contained within this Petition and Law and under the laws of the State of Iowa.

       Respectfully submitted,

       /s/ *James C. Larew*
       James C. Larew AT0004543
       LAREW LAW OFFICE
       504 East Bloomington Street
       Iowa City, Iowa 52245
       Telephone: (319) 337-7079
       Facsimile: (319) 337-7082
       Email: james.larew@larewlawoffice.com
       **ATTORNEY FOR PLAINTIFF**

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| **WALTER J. FRENCH COMPANY, MICHAEL J. TILSON, AND PATRICIA A. LARONDE,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY,**<br><br>**Defendant.** | **Case No. _____**<br><br>**CIVIL ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT:

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the Petition at Law and Jury Demand (and any documents filed with it) is attached to this notice. The attorney for the petitioner is James C. Larew, whose address is 504 E Bloomington St, Iowa City, Iowa 52245. That attorney's telephone number is 319-337-7079; facsimile number 319-337-7082.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Linn County, at the county courthouse. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you need assistance to participate in court due to a disability, call the disability coordinator for Linn County. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

# Iowa Judicial Branch

Case No. **LACV100369**
County **Linn**

Case Title  WALTER J FRENCH CO ET AL V STATE FARM FIRE INS.

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

Scheduled Hearing:

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 398-3920**. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

Date Issued  **08/10/2022 08:18:36 AM**



District Clerk of Court or/by Clerk's Designee of  Linn  County
/s/ Jolene Hackert

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

Case Number: LACV100369

| | |
|---|---|
| WALTER J. FRENCH COMPANY, MICHAEL J. TILSON, AND PATRICIA A. LARONE, Plaintiff(s), v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant(s), | ACCEPTANCE OF SERVICE |

Service of the foregoing, ORIGINAL NOTICE, PETITION ET AL, is hereby accepted as provided by the law for STATE FARM FIRE AND CASUALTY COMPANY, defendant named herein, the 15th of August, 2022.

Commissioner of Insurance

Doug Ommen

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| WALTER J. FRENCH COMPANY, MICHAEL J. TILSON, PATRICIA A. LARONDE, DAVID LARONDE, AND THE PATRICIA & DAVID LARONDE REVOCABLE TRUST (ESTABLISHED MARCH 2021),<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | Case No. LACV100369<br><br><br><br><br>**APPEARANCE OF J. MICHAEL WESTON** |

J. Michael Weston of the law firm of Lederer Weston Craig PLC and hereby enters his Appearance on behalf of Defendant, State Farm Fire and Casualty Company, in this matter.

**LEDERER WESTON CRAIG PLC**

By */s/ J. Michael Weston*
J. Michael Weston   AT0008405
118 Third Ave SE, Suite 700
Cedar Rapids, IA 52406-1927
Telephone:  (319) 365-1184
Fax:            (319) 365-1186
E-mail:  mweston@lwclawyers.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on September 2, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following:

> James C. Larew, Esq.
> E-mail: james.larew@larewlawoffice.com

I am not aware of any non-ECF system participants in this proceeding that require service by mail.

                                         */s/ J. Michael Weston*