# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| WALTER J. FRENCH COMPANY, et. al., | |
| Plaintiffs, | No. C22-108-LTS-KEM |
| vs. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

## I.   INTRODUCTION

This matter is before me on a motion (Doc. 17) for partial summary judgment filed by defendant State Farm Fire and Casualty Company (State Farm). Plaintiffs Walter J. French Company, Michael J. Tilson, Patricia A. LaRonde, David LaRonde and The Patricia & David LaRonde Revocable Trust (Established March 2021) have filed a resistance (Doc. 18) and State Farm has filed a reply (Doc. 19). Oral argument is not necessary. *See* Local Rule 7(c).

## II.   PROCEDURAL HISTORY

Plaintiffs filed this action in Iowa District Court for Linn County on August 9, 2022. *See* Doc. 1-3. On September 14, 2022, State Farm removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1441. Doc. 1.

Plaintiffs allege that they sustained property damage as the result of a severe windstorm, known as a "derecho," that impacted a large portion of Iowa. Doc. 18-1 at 1. In their state court petition, they asserted claims against State Farm, their insurer, for

breach of contract (Count I) and bad faith (Count II). Doc. 3 at 4-7. They requested direct damages, consequential damages and punitive damages. *Id*.

State Farm filed its motion (Doc. 17) for partial summary judgment on October 6, 2023. State Farm argues that it is entitled to summary judgment on plaintiffs' claim for bad faith, along with plaintiffs' request for consequential damages and punitive damages on their claim for breach of contract. Doc. 17 at 3. In their resistance (Doc. 18), plaintiffs dismissed their bad faith and punitive damages claims. Doc. 18 at 21. As such, only the breach of contract claim remains. While State Farm does not seek summary judgment on that claim, the parties dispute the extent, to any, to which plaintiffs may recover consequential damages if they prevail on their breach of contract claim.

### III.     SUMMARY JUDGMENT STANDARDS

Any party may move for summary judgment regarding all or any part of the claims asserted in a case. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one that "'might affect the outcome of the suit under the governing law.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "the substantive law will identify which facts are material." *Id*. Facts that are "critical" under the substantive law are material, while facts that are "irrelevant or unnecessary" are not. *Id*.

An issue of material fact is genuine if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Evidence

that only provides "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249–50, does not make an issue of material fact genuine.

As such, a genuine issue of material fact requires "sufficient evidence supporting the claimed factual dispute" so as to "require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248–49. The party moving for entry of summary judgment bears "the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323). Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and by depositions, affidavits, or otherwise, designate specific facts showing that there is a genuine issue for trial. *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005). The nonmovant must show an alleged issue of fact is genuine and material as it relates to the substantive law. If a party fails to make a sufficient showing of an essential element of a claim or defense with respect to which that party has the burden of proof, then the opposing party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322.

In determining if a genuine issue of material fact is present, I must view the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88. Further, I must give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. *Id*. However, "because we view the facts in the light most favorable to the nonmoving party, we do not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004). Instead, "the court's function is to determine whether a dispute about a material fact is genuine." *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376–77 (8th Cir. 1996).

## IV. RELEVANT FACTS

The following facts are undisputed for purposes of State Farm's motion, except where indicated otherwise.

On August 10, 2020, a derecho hit the Cedar Rapids, Iowa, area resulting in damage to plaintiffs' property (the Property). Doc. 18-1 at 1. On August 13, 2020, plaintiffs made a timely claim to State Farm pursuant to their business owner's insurance policy (Policy). *Id.* at 6. On September 3, 2020, Brent Johnson of Heartland Public Adjusting informed State Farm that he would be representing the plaintiffs during the claims adjustment process. *Id.* On September 16, 2020, State Farm sent adjuster Zaki Mirza to inspect the Property. *Id.* at 6-7. On September 21, 2020, Mirza estimated the actual cash value (ACV) of the loss to the Property to be $13,093.32. *Id.* at 7. Plaintiffs contend that this amount was "woefully inadequate" and asked Johnson to perform a separate loss analysis. *Id.* Johnson estimated the cost of repairs to be $528,327.73. *Id.* at 7-8.

In the three years after Johnson sent his initial estimate to State Farm, the parties continued to disagree as to the amount of loss, with at least seven different adjusters providing varying estimates. Doc. 19-1 at 16. At the time of their motion for partial summary judgment, State Farm's loss estimates had increased to $203,505.54, leaving over $300,000 still in dispute, although State Farm denies knowing this amount was in dispute when they attempted to close plaintiffs' claim. *Id.* at 22.

The parties do not even agree on the exact parameters of their disagreement. According to State Farm, the dispute centers around differing estimations of the damage to the roof and walls of the Property. Doc. 18-1 at 21. As to the roof, State Farm claims that Johnson estimated significantly more square footage of damage and a more extensive volume of materials required to fix the roof. *Id.* As to the walls, State Farm claims that there is no damage to the wall systems and, even if there is damage to the walls, the materials are widely available at lower costs than Johnson estimates. *Id.* at 21-22.

4

Plaintiffs contend that the extent of their disagreement is larger than State Farm describes. *Id.* at 22. They further state that the water intrusion into the building necessitates replacement of the wall system. *Id.* Finally, the parties do not agree on the precise amount State Farm had already paid at the time of the present motion, but the figure is at least $142,437.97. Doc. 19-1 at 22. Suffice to say that over $300,000 remains in dispute.

In addition, plaintiffs state that they have spent over $15,000 in expert fees to assist them in disputing State Farm's estimates. *Id.* They also argue that State Farm did not test the Property for mold and contend that mold remediation will now cost over $56,000. Doc. 19-1 at 15; Doc. 18 at 21.

### V. ANALYSIS

Because plaintiffs have dismissed their bad faith claim and no longer seek punitive damages, Doc. 18 at 21, I will address only their request for consequential damages for breach of contract.

Plaintiffs' claim for consequential damages is based on State Farm's alleged delay in properly adjusting their property. *Id.* at 2, 12. Plaintiffs argue that reasonably foreseeable damages included the expert fees paid to Johnson and the cost of mold remediation. *Id.* at 12. State Farm argues that Iowa law does not allow recovery of consequential damages on a breach of insurance contract claim. Doc. 17-1 at 11. It notes that no special circumstances existed at the time the parties entered into the contract such that State Farm understood it would be subject to damages outside the contract in the event of a breach of contract claim. *See Brown Twp. Mut. Ins. Ass'n v. Kress,* 330 N.W.2d 291, 298-99 (Iowa 1983) (consequential damages for breach of an insurance policy are not available in the absence of such special circumstances); *R&C Industries, Inc. v. Nationwide Mut. Ins. Co.*, 735 N.W.2d 204 (Iowa Ct. App. 2007) (unpublished) (neither punitive damages nor consequential damages are available for breach of an insurance policy in the absence of bad faith).

5

I agree with State Farm that plaintiffs are not entitled to recover consequential damages on their breach of contract claim. *See Williams Boulevard Serv., Inc., v. State Farm Fire & Cas.,* No. C22-107, 2023 WL 8005310, *8-9 (N.D. Iowa Nov. 17, 2023). However, it is not entirely clear that each of the "consequential damages" alleged by plaintiffs are appropriately characterized as such. Plaintiffs seek consequential damages for two costs: mold remediation and expert fees.

Beginning with mold remediation, plaintiffs argue that these costs are the result of State Farm's failure to timely adjust and pay the loss, which would cause them to be consequential damages. However, plaintiffs argue in other parts of their resistance that mold remediation is a loss covered by the Policy that was the result of the derecho, not any delayed adjustment by State Farm. *See* Doc. 18 at 15. Specifically, plaintiffs argue that the Policy covers "direct physical loss" and that they "purchased insurance to cover all types of damage, including affecting the attractiveness, or allowing mold to grow." *Id.*

Similarly, plaintiffs argue that the expert fees they incurred through Johnson's public adjuster services are the result of State Farm's failure to timely adjust and pay the loss, which would also cause them to be consequential damages. However, they also imply that some of Johnson's services were covered by the Policy: "While State Farm never provided proof of loss forms to plaintiffs, or asked for a proof of loss document to be submitted to it, Mr. Johnson's estimate and report were the equivalent of the same, and were provided to State Farm in December of 2020." Doc. 18 at 16-17.

As such, while plaintiffs will not be permitted to recover consequential damages, there remains an issue of fact as to which elements of their damages claim fall within this exclusion. The parties may address this issue in their trial briefs and/or motions in limine in advance of trial.

6

## VI.  CONCLUSION

For the reasons stated herein:

1. Plaintiffs' bad faith claim (Count II) is **dismissed.**

2. Plaintiffs' claim for punitive damages is **dismissed.**

3. State Farm's motion (Doc. 17) for partial summary judgment is **granted** as to any claim for consequential damages. While the parties remain free to litigate the question of whether a particular item of alleged damages falls within Iowa's definition of consequential damages, plaintiffs may not recover any damages that are ultimately determined to be consequential damages.

4. This case will proceed to trial, on the breach of contract claim only, beginning March 4, 2024.

**IT IS SO ORDERED.**

**DATED** this 12th day of January, 2024.

_____
Leonard T. Strand, Chief Judge